**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE NETHERLANDS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| MONDA WINDOW & DOOR, CORP. and GRANVILLE CONDOMINIUM ASSOCIATION, by its Board of Managers, as Assignee of Burling Builders, Inc., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff THE NETHERLANDS INSURANCE COMPANY ("Netherlands"), for its complaint for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, against Defendant MONDA WINDOW AND DOOR, CORP. ("Monda") and Defendant GRANVILLE CONDOMINIUM ASSOCIATION, by its Board of Managers, as Assignee of Burling Builders, Inc. ("Granville") states as follows:

1.      Netherlands seeks a judgment declaring that it has no duty to defend or to indemnify Monda in a pending American Arbitration Association ("AAA") arbitration proceeding currently styled as *Granville Condominium Association, by its Board of Managers, as Assignee of Burling Builders, Inc. v. Monda Window & Door Corp.*, Case No. 01-16-0004-7863 (the "Arbitration").

## PARTIES

2.      Netherlands is a corporation organized under the laws of the State of New Hampshire, with its principal place of business in the Commonwealth of Massachusetts.  At all relevant times, Netherlands has been licensed to issue insurance policies in the State of Illinois.

1

3.      Monda was a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois and, more specifically, in the Northern District of Illinois.  Monda was involuntarily dissolved on March 13, 2020.

4.      Granville is a not-for-profit corporation organized under the laws of the State of Illinois, with its principal place of business located in the State of Illinois and, more specifically, in the Northern District of Illinois.  Granville is named as a defendant herein as it is the claimant in the Arbitration.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      This Court has personal jurisdiction over the Defendants because they are both corporations formed under the laws of the State of Illinois.

7.      This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. § 2201 because an actual controversy exists between the Plaintiff and the Defendants within the jurisdiction of the Court.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c).

## FACTUAL BACKGROUND

9.      On or about February 21, 2007, Monda entered a subcontract with Burling Builders, Inc. ("Burling") with respect to construction of a condominium building at 1134 West Granville Avenue, Chicago, Illinois (the "Project").  A copy of the subcontract between Monda and Burling (the "Subcontract") is attached hereto as Exhibit A.

10.    The Subcontract required Monda to fabricate, deliver, and install windows at the Project.  (Ex. A.)

11.    The Subcontract also required Monda to fabricate and deliver aluminum sliding glass doors at the Project.  (Ex. A.)

12.    On information and belief, Monda fabricated, delivered, and installed windows at the Project, and fabricated and delivered aluminum sliding glass doors at the Project.

13.    On or about July 14, 2015, Robert J. Kudder of the consulting firm Raths, Raths & Johnson, Inc. ("RRJ") sent correspondence to Monda (the "2015 Kudder Letter"), advising on behalf of Granville that the windows and doors on the Project allowed excessive air infiltration and water leakage.  A copy the 2015 Kudder Letter was sent to Monda's business address at 4101 West 42nd Place, Chicago, IL 60632.  Another copy thereof was sent via e-mail to chicago@mondawindows.com.  A copy of the 2015 Kudder Letter is attached hereto as Exhibit B.

14.    The 2015 Kudder Letter described defects with the windows at the Project, and advised Monda:

> The fenestration currently has performance deficiencies and cannot remain in service in its current condition.  Without your assistance in support of a repair effort by advising what your repair and service experience has been on other projects, by providing proprietary adjustment directions and necessary templates or jigs, by providing access to proprietary replacement parts, and by participating in a prototype application and retest of a final repair program, RRJ will have no alternative but to recommend removal and replacement of all Monda fenestration. . . .  If you intend to assist in the development of a repair, the effort must be initiated before the end of July.  If RRJ does not hear from you by July 27, it will be assumed that you do not wish to assist in developing a repair for your products.

(Ex. B.)

15.    Monda did not provide Netherlands with a copy of the 2015 Kudder Letter.

16.    Monda did not otherwise notify Netherlands of the 2015 Kudder Letter.

17. On or about November 1, 2016, Burling filed with the American Arbitration Association an Arbitration Demand (the "2016 Arbitration Demand") and thereby initiated the Arbitration, which thus was originally styled as *Burling Builders, Inc. v. Broadville Condominiums, LLC, et al.*, Case No. 01-16-0004-7863. A copy of the 2016 Arbitration Demand, naming Monda as one of the respondents, is attached hereto as Exhibit C.

18. The 2016 Arbitration Demand alleged that Burling was the general contractor for the Project, and that the Project owner, Broadville Condominiums, LLC (the "Owner") had breached the general contract by failing to pay Burling millions of dollars for Burling's work. (Ex. C at ¶ 1.)

19. The 2016 Arbitration Demand further alleged that Burling and the Owner had settled their dispute and that the Owner had agreed to release Burling from any further obligations on the Project. (Ex. C at ¶ 4.)

20. The 2016 Arbitration Demand further alleged that, through its Board of Managers, Granville had sued Burling as well as the Owner and others in the Circuit Court of Cook County, in Case No. 15 L 12244 ("the Granville Lawsuit"). (Ex. C at ¶ 7.)

21. By the 2016 Arbitration Demand, Burling sought to hold the Owner responsible under the terms of the contracts between Burling and the Owner, or in the alternative, in the event that Burling was held responsible for any portion of Granville's claim in the Granville Lawsuit, then Monda and the other Burling's subcontractors would be responsible. (Ex. C at ¶¶ 8-9.)

22. Attached to the 2016 Arbitration Demand as Exhibit A and Exhibit M, respectively, were copies of the Complaint and First Amended Complaint in the Granville Lawsuit. (*See* Ex. C.)

4

23.　On November 7, 2016, Monda received by certified mail copies of the 2016 Arbitration Demand and exhibits, as receipts therefor confirm.　Copies of such certified mail receipts are attached hereto as Exhibit D.

24.　Monda did not provide Netherlands with a copy of the 2016 Arbitration Demand.

25.　Monda did not otherwise notify Netherlands of the 2016 Arbitration Demand.

26.　Following settlement discussions among them, Burling, the Owner, Granville, and certain subcontractors named as respondents by the 2016 Arbitration Demand executed and, on information and belief, filed with the AAA on or about January 31, 2018 a stipulation releasing all claims against one another (the "2018 Stipulation").　A copy of the 2018 Stipulation is attached hereto as Exhibit E.

27.　The 2018 Stipulation expressly assigned to Granville Burling's claim against Monda.　(Ex. E.)

28.　On information and belief, Monda was asked to participate in such settlement discussions.

29.　Monda did not notify Netherlands of any such settlement discussions, or of any request to Monda for its participation therein.

30.　On April 9, 2018, Granville filed in the Granville Lawsuit a Second Amended Complaint naming only Monda as a defendant (the "Granville Lawsuit Second Amended Complaint").　A copy of the Granville Lawsuit Second Amended Complaint is attached hereto as Exhibit F.

31.　The Granville Lawsuit Second Amended Complaint alleged that Monda had entered into a subcontract with Burling concerning the Project, and that Monda had breached such subcontract by designing, manufacturing, and installing the windows and sliding glass doors at the

Project with design, workmanship and/or material defects so that they are not substantially watertight and admit rain, wind, and air. (Ex. F at ¶ 15.)

32.     The Granville Lawsuit Second Amended Complaint alleged that because it had breached such subcontract, Monda is liable to Granville, as the assignee of Burling, for the "cost of remediation and/or replacements of the Window and Sliding Glass Door Defects . . . ." (Ex. F at ¶ 17.)

33.     On May 8, 2018, counsel for Monda entered an appearance in the Granville Lawsuit. A copy of the docket for Case No. 15-L-12244 is attached hereto as Exhibit G.

34.     Monda was aware of the Granville Lawsuit and did not notify Netherlands of the Granville Lawsuit filed against it arising out of its work on the Project.

35.     On information and belief, Granville voluntarily dismissed the Granville Lawsuit to pursue Monda in the Arbitration.

36.     On November 27, 2018, Granville, as Assignee of Burling, filed in the Arbitration an Amended Demand for Arbitration (the "2018 Arbitration Demand"). A copy of the 2018 Arbitration Demand is attached hereto as Exhibit H.

37.     The 2018 Arbitration Demand alleges that Monda breached the Subcontract by designing, manufacturing, and installing the windows and sliding glass doors at the Project with design, workmanship and/or material defects so that they are not substantially watertight and admit rain, wind, and air. (Ex. H at ¶ 16.)

38.      The 2018 Arbitration Demand further alleges that, as a result of Monda's breach of the Subcontract, Monda is liable to Granville, as the assignee of Burling, for the "cost of remediation and/or replacements of the Window and Sliding Glass Door Defects . . . ." (Ex. H at ¶ 18.)

39.    The 2018 Arbitration Demand seeks "the amount of Burling's liability to [Granville] caused by Monda's breach of contract," in addition to costs, expenses, and attorneys' fees.  (Ex. H at p. 6.)

40.    On or about December 20, 2018, Monda filed in the Arbitration an Answering Statement with respect to the 2018 Arbitration Demand.  A copy of the Answering Statement is attached hereto as Exhibit I.

41.    Monda did not provide Netherlands with a copy of the 2018 Arbitration Demand.

42.    Monda did not otherwise notify Netherlands of the 2018 Arbitration Demand.

43.    On August 11, 2020, Granville submitted a mediation statement in connection with an August 2020 mediation of the Arbitration.

44.    No notice of the Granville Lawsuit Second Amended Complaint, the 2018 Arbitration Demand, the mediation statement, or, more generally, the claim against Monda in the Arbitration was provided by Monda to Netherlands until September 11, 2020.

### *The Netherlands Policies*

45.    For successive annual periods from March 29, 2008 to March 29, 2011, Netherlands issued to Monda commercial package insurance policies including a commercial general liability ("CGL") coverage part, copies of which policies (the "Netherlands Policies"), no. CBP 8471248, are attached hereto as Exhibits J, K, and L, respectively.

46.    In the coverage form in the CGL coverage part thereof, each of the Netherlands Policies includes with respect to Coverage A Bodily Injury and Property Damage Liability an insuring agreement providing as follows:

**1.  Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured

against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

(Ex. J at NETH000154; Ex. K at NETH000304; Ex. L at NETH000461.)

47.     In the coverage form in the CGL coverage part thereof, each of the Netherlands

Policies also includes conditions providing as follows:

**2.     Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)**     How, when and where the "occurrence" or offense took place;

**(2)**     The names and addresses of any injured persons and witnesses; and

       **(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.**    If a claim is made or "suit" is brought against any insured, you must:

       **(1)**    Immediately record the specifics of the claim or "suit" and the date received; and

       **(2)**    Notify us as soon as practicable.

    **c.**    You and any other involved insured must:

       **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

       **(2)**    Authorize us to obtain records and other information;

       **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

       **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    **d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

(Ex. J at NETH000164; Ex. K at NETH000313-314; Ex. L at NETH000470-471.)

48.    In the coverage form in the CGL coverage part thereof, each of the Netherlands Policies also includes with respect to Coverage A Bodily Injury and Property Damage Liability exclusions providing as follows:

    **2.**    **Exclusions**

    This insurance does not apply to . . . [:]

    **j.**    **Damage To Property**

    "Property damage" to . . . [:]

       **(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

       **(6)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. . . .

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard". . . .

**k.** **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.** **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.** **Damage To Impaired Property Or Property Not Physically Injured**

Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

(Ex. J at NETH000155-158; Ex. K at NETH000305-308; Ex. L at NETH000462-465.)

Collectively, exclusions (j)(5), (j)(6), k, l, and m are referred to herein as the "Business Risk Exclusions."

49.     In the coverage form in the CGL coverage part thereof, each of the Netherlands Policies also includes definitions providing as follows:

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement.

if such property can be restored to use by:

10

     **a.**    The repair, replacement, adjustment or removal of "your product" or "your work"; or

     **b.**    Your fulfilling the terms of the contract or agreement. . . .

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. . . .

**16.**    "Products-completed operations hazard" means:

     **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

         **(1)**    Products that are still in your physical possession; or

         **(2)**    Work that has not yet been completed or abandoned. . . .

**17.**    "Property damage" means:

     **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

     **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. . . .

**18.**    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

     **a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

     **b.**    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

**21.**    "Your product":

     **a.**    Means:

         **(1)**    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

             **(a)**    You;

             **(b)**    Others trading under your name; or

             **(c)**    A person or organization whose business or assets you have acquired; and

         **(2)**    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

     **b.**    Includes

          **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

          **(2)**    The providing of or failure to provide warnings or instructions. . . .

**22.**    "Your work":

     **a.**    Means:

          **(1)**    Work or operations performed by you or on your behalf; and

          **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

     **b.**    Includes:

          **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

          **(2)**    The providing of or failure to provide warnings or instructions.

(Ex. J at NETH000167-170; Ex. K at NETH000316-319; Ex. L at NETH000473-476.)

50.     An actual controversy exists between the Plaintiff and the Defendants regarding the availability of insurance coverage to Monda under the Netherlands Policies. The Plaintiff and the Defendants have genuine and opposing interests that are direct and substantial, and for which a judicial determination will provide a final and conclusive resolution.

## COUNT I
## (BREACH OF CONDITIONS)

51.     Netherlands hereby repeats and incorporates Paragraphs 1 through 50 above, as though fully set forth herein.

52.     In July 2015, when it received the 2015 Kudder Letter, Monda was aware of an event which could result in a claim against Monda.

53.     In November 2016, when it received the 2016 Arbitration Demand, Monda was aware of an event which could result in a claim against Monda.

12

54.     In November 2016, Monda was aware of the Arbitration, which constituted a claim or "suit" filed against Monda.

55.     In May 2018, Monda was aware of the Granville Lawsuit Second Amended Complaint, which was a claim or "suit" filed against Monda.

56.     In December 2018, Monda was aware of the Amended Demand for Arbitration, which was a claim or "suit" filed against Monda.

57.      Monda breached the conditions of the Netherlands Policies by failing to notify Netherlands as soon as practicable of the event which could result in a claim against Monda.

58.      Monda breached the conditions of the Netherlands Policies by failing to notify Netherlands as soon as practicable of a claim or "suit" filed against Monda.

59.     Monda breached the conditions of the Netherlands Policies by failing immediately to send Netherlands copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit" against Monda.

60.     The first notice by Monda to Netherlands regarding any deficiencies with the windows at the Project or regarding the Arbitration was provided on September 11, 2020.

61.     The Netherlands Policies' conditions breached by Monda are conditions precedent to coverage.

62.     As a result of Monda's breach of the Netherlands Policies' conditions, Netherlands has no duty thereunder to defend or to indemnify Monda in the Arbitration.

WHEREFORE, Plaintiff The Netherlands Insurance Company requests that this Court enter a judgment declaring that, under the Netherlands Policies, it has no duty to defend or to indemnify Monda in the Arbitration, and awarding it any other relief this Court deems just and proper.

## COUNT II
## (NO "OCCURRENCE")

63.     Netherlands hereby repeats and incorporates Paragraphs 1 through 50 above, as though fully set forth herein.

64.     The damages sought against Monda in the Arbitration are for replacement of the windows at the Project.

65.     Such damages are not for "property damage" caused by an "occurrence" as those terms are defined in the Netherlands Policies.

WHEREFORE, Plaintiff The Netherlands Insurance Company requests that this Court enter a judgment declaring that, under the Netherlands Policies, it has no duty to defend or to indemnify Monda in the Arbitration, and awarding it any other relief this Court deems just and proper.

## COUNT III
## (NO PROPERTY DAMAGE DURING THE NETHERLANDS POLICY PERIODS)

66.     Netherlands hereby repeats and incorporates Paragraphs 1 through 50 above, as though fully set forth herein.

67.     The Netherlands Policies apply only to "property damage" that occurs during the policy period.

68.     No coverage is available to Monda for any "property damage" occurring outside the policy periods of the Netherlands Policies, between March 29, 2008 and March 29, 2011.

69.     The Arbitration does not seek damages for any "property damage" occurring between March 29, 2008 and March 29, 2011.

WHEREFORE, Plaintiff The Netherlands Insurance Company requests that this Court enter a judgment declaring that, under the Netherlands Policies, it has no duty to defend or to

indemnify Monda in the Arbitration, and awarding it any other relief this Court deems just and proper.

**COUNT IV**
**(BUSINESS RISK EXCLUSIONS)**

70.     Netherlands hereby repeats and incorporates Paragraphs 1 through 50 above, as though fully set forth herein.

71.     Even if the 2018 Arbitration Demand is determined to allege "property damage" that took place within the policy periods of the Netherlands Policies, and which was caused by an "occurrence," the Business Risk Exclusions in the Netherlands Policies would nonetheless apply to the claim by Granville against Monda in the Arbitration, and any coverage therefor under the Netherlands Policies thus is eliminated in these circumstances.

72.     Since the Netherlands Policies provide no coverage for Granville's claim therein, Netherlands has no duty to defend or duty to indemnify Monda in the Arbitration.

WHEREFORE, Plaintiff The Netherlands Insurance Company requests that this Court enter a judgment declaring that, under the Netherlands Policies, it has no duty to defend or to indemnify Monda in the Arbitration, and awarding it any other relief this Court deems just and proper.

Dated:  February 19, 2021            Respectfully submitted,

THE NETHERLANDS INSURANCE COMPANY


By: /s/ Alex B. Mahler
One of its attorneys

Alex B. Mahler
Regina A. Ripley
David J. Rock
NICOLAIDES FINK THORPE MICHAELIDES
SULLIVAN LLP
10 South Wacker Drive, Suite 2100
Chicago, IL 60606
Tel. 312-585-1400
Fax: 312-585-1401
amahler@nicolaidesllp.com
rripley@nicolaidesllp.com
drock@nicolaidesllp.com